31 C.C.P.A.(Patents)

## In re REESE.

### Patent Appeals No. 4904.

Court of Customs and Patent Appeals.
June 26, 1944.

Pennie, Davis, Marvin & Edmonds (Clarence M. Fisher, of Washington, D. C., and W. B. Morton, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed a decision of the Primary Examiner rejecting all of the claims, 2, 3, 4, 8 and 10, of an application for a patent for a "Method of Preserving Fats and Oils" as unpatentable over either a patent to Conquest et al., 2,225,553, December 17, 1940, or a British patent to Ekhard, 465,111, April 26, 1937. From the decision of the board this appeal was taken.

The rejected claims read as follows:

"2. The method of preventing rancidity of organic oils and fats which consists in subjecting the fat-containing substance to the action of diastatic and other enzymes.

"3. The method of preventing rancidity of organic oils and fats which consists in subjecting the fat-containing substance to the action of a product containing diastatic enzymes and thereafter checking the action of the enzymes.

"4. The method of preventing rancidity of organic oils and fats which consists in subjecting the fat-containing substance to the action of a product containing diastatic enzymes and thereafter heating the substance to a temperature in the order of 160° F.

"8. The method of preventing rancidity in lard which consists in incorporating in the lard an enzyme concentrate containing diastatic enzymes.

"10. As a new article of manufacture, lard having incorporated therein an amount of enzyme concentrate diastatic enzymes less than .5% of the weight of the lard."

The application relates to a method of preventing rancidity in organic oils and greases, and has for its object the treatment of foodstuffs and other products containing organic oils and greases by means of diastase or other enzymes. An enzyme is any one of a series of catalytic agents, animal or vegetable, produced by living cells, effecting chemical change in absorbed or surrounding substances so as to render them fit for the requirements of the cells. Diastase is a white, amorphous compound which acts as a ferment converting starch and glycogen into dextrin and sugar, and is found in germinating grain and various parts of plants, and in animal fluids, as saliva, pancreatic juice, etc. It is known only by its effects since the substance itself has never been isolated.

The Conquest et al. patent relates to processes of treating dairy products such as milk or cream with a very small amount of pancreatic enzyme material to prevent the development of off-odor and flavor, in such small amount as not to change the curd tension of the milk. It discloses the addition of enzymes to sweet cream before churning butter to prevent the after undesirable flavor or odor.

The patent to Ekhard relates to a process for improving the odor, taste, stability and consistency of vegetable and animal oils, fats and other glycerides of the fatty acids,

by treating those substances with structureless ferments, among which is diastase. Such ferments can be used in pre-treating or after-treating the oils and fats.

The examiner stated that the off-flavor and odor referred to in the Conquest et al. patent are due in part to oxidation, which is prevented by the process of the patent. He held that whether the preservation of the substance is due to a reaction with the fat therein is immaterial, since the claims do not include a reaction.

According to the examiner appellant admitted that it "may be * * * that pancreatic enzyme material in its crude form may contain a small amount of diastase," but that appellant seemed to take the position that in the patent to Conquest et al. there would be no diastase in the enzyme product used in that patent. He held that, on the authority of "Enzymes," by Waksman and Davison, 1926, pages 156 and 157, pancreatic diastase may be obtained from dried pancreas glands by extraction with water as well as by extraction with alcohol.

With regard to the Ekhard patent the examiner stated that appellant contended the process was really directed to the treatment of garbage, which is already rancid. He held this contention was not sound because the patent discloses the treatment of such fats and oils as shortening, margarine, soya oil, peanut oil, linseed oil, turnip oil, cotton oil, corn oil, beef-tallow and lard, and that none of the examples of the patent relates to garbage.

The Board of Appeals pointed out that the statement of the examiner that the off-color and odor referred to in the patent to Conquest et al. was due in part to oxidation had not been traversed by appellant, and further that appellant did not question the publication by Waksman and Davison referred to by the examiner. It said that appellant apparently conceded that pancreatic enzyme contains a diastatic principle, but contended that the diastase in the enzyme material of the Conquest et al. patent is so small as to be inadequate to perform any useful function. The board held that the involved claims fail to define invention over the prior art, stating that claims 2, 3 and 8 are broad and clearly not patentable, and that the proportion of enzyme to lard in claim 10 was not regarded as critical. The heating step in claim 4 the board held to be well-known.

Appellant contends here that the alleged invention is based on a discovery that commercial preparations of diastase extensively used for the conversion of starch into sugar also have the property of preventing rancidity in animal or vegetable fats. Appellant concedes that she does not know just what chemical and biological action takes place in applying such preparations, and states that it is not important whether the result obtained is due to some action of the diastatic enzymes themselves or some component of the commercial product containing such enzymes.

Appellant also contends that the prior art contains no disclosure of her discovery and makes no suggestion of the processes described in the application. It is stated in her brief that neither of the cited patents relates to preservation of fats, and that both seem totally irrelevant.

It will be noted in each of the claims that the process consists in subjecting fat-containing substances to the action of diastatic and other enzymes, or products containing diastatic enzymes. Therefore the claims do not limit the process to the action of diastase alone. Any enzyme substance containing diastase in any quantity would clearly be embraced within them.

In the Conquest et al. patent appears the following disclosure: "By pancreatic enzyme material we mean to include pancreatin alone as well as mixtures of pancreatin and other enzymes associated therewith when aqueous or alcoholic extracts of the pancreas are prepared or the dried pancreas is processed to remove substantially all of the fat and lipase."

From that statement it is clear that the patentee proposed to use pancreatic enzymes and other enzymes which are associated with them. It was pointed out below that diastase is obtained when a water or alcoholic extract is made from dried pancreas. The examiner cited authority for such statement, as herein noted, and such statement has not been questioned by appellant. Therefore it must be concluded that diastase is contained in the enzyme materials of the Conquest et al. process. We cannot agree with the contention of appellant that the prior art does not relate to the preservation of fats, because the patent to Conquest et al. relates to the prevention of the spoiling of butter and keeping it from having an undesirable odor.

The process of the patent to Ekhard may employ diastase in pre-treatment as well as after-treatment of the oils and fats, and one of its stated objects is to improve the stability of the product. Lard is one of the materials to be treated, and rancidity is one of the undesirable conditions to be avoided. It is obvious that the pre-treatment of lard in the process of that patent prevents rancidity from occurring.

The claims were properly rejected in view of the prior art and the decision of the Board of Appeals is affirmed.

Affirmed.